UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————
|
VIDIVIXI, LLC *and* FRANCIS T.     |
BRADLEY                        |
                                |     Case No. 15-CV-7364 (JGK)
          v.              |
                                |
MARK A. GRATTAN, JEAN LIN,    |
MARK GRATTAN DESIGN & BUILD  |
JEAN LIN, LLC *d/b/a* "GOOD COLONY" |
———————————————————
|

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'**
**REQUEST FOR PRELIMINARY INJUNCTION**

Siddartha Rao, Esq.
RAO LAW GROUP
Attorneys for Defendant
85 Broad St. 18th Floor
New York, New York 10004
Phone: 212 548 4539
Fax: 646 741 3257

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT AND FACTUAL SUMMARY** ................................. 1

**ARGUMENT** ............................................................................................................. 3

   **I.**    **PLAINTIFFS' FAIL TO MEET THEIR BURDEN OF PROOF
        AND THIS COURT SHOULD DENY INJUNCTIVE RELIEF** ............... 3

  **II.**   **AS A THRESHHOLD MATTER, THE COURT SHOULD DENY
PLAINTIFFS' REQUEST UNDER FED. R. CIV.   P. 8(a)**………………………..4

  **III.**  **PLAINTIFFS' REQUEST SHOULD BE DENIED BECAUSE PLAINTIFS
FAIL TO DEMONSTRATE A LIKELIHOOD OF SUCCESS**.…………………...5

      **A.**    Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits
Concerning their First, Second, Third, Fourth and Fifth Claims Sounding in
Trademark………………………………………………………………..…...5

      **B.** Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits
Concerning Their Sixth Claim for Deceptive Trade Practices……………..……..8

      **C.**    Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits
Concerning Their Seventh Claims for Breach of Fiduciary Duty, Breach of
Contract, and Breach of the Covenant of Good Faith and Fair Dealing, and their
Eleventh and Twelfth Claims for Diversion of Partnership Opportunities and
Devaluation of Partnership Assets and Final Accounting and Constructive
Trust………………………………………………….………………………9

      **D.**    Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits
Concerning Their Ninth and Tenth Claims for Commercial Defamation and
Injurious Falsehood……………..……………………………………………9

      **E.**    Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits
Concerning its Thirteenth Cause of Action for Tortious Interference with Existing
and Prospective Economic Relations……………………..…………………...10

      **F.**    Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits
Concerning Their Fourteenth Claim for Misappropriation of Proprietary and
Confidential Information…....………………………………………………11

  **IV.**  **PLAINTIFFS' REQUEST SHOULD BE DENIED BECAUSE PLAINTIFFS
FAIL TO DEMONSTRATE IRREPARABLE HARM** ………………….11

**V.   PLAINTIFFS' REQUEST SHOULD BE DENIED BECAUSE PLAINTIFFS FAIL TO SHOW THE EQUITIES FAVOR INJUNCTIVE RELIEF……………..12**

**VI. PUBLIC POLICY FAVORS DENYING INJUNCTIVE RELIEF ………………………………………………………………………………...…..13**

**CONCLUSION .............................................................................................. 13**

## PRELIMINARY STATEMENT AND FACTUAL SUMMARY

This case is about who owns rights to intellectual property and furniture designed under a brand known as VIDIVIXI.  Plaintiffs, via a preliminary injunction, seek to change the status quo and alter existing rights.  Plaintiffs fail to provide any basis for this extraordinary relief from this Court, instead simply presenting conjecture, unsupported assertions, and bare legal conclusions.  Plaintiffs' request should be denied.

As evidenced by the numerous declarations submitted herewith, Plaintiff Francis Bradley ("Plaintiff"), and Defendant Mark Grattan ("Grattan") collaborated under the name VIDIVIXI for approximately two years.  During that collaboration, Plaintiff did almost no work related to VIDIVIXI.  Grattan worked tirelessly on VIDIVIXI through his entity, Mark Grattan Design and Build (together, the "Grattan Defendants").  Grattan designed the VIDIVIXI logo, the VIDIVIXI website, completed all VIDIVIXI technical drawings, designed specifications, and fabricated all VIDIVIXI pieces, transported these pieces to showrooms, attended events, set up booths at trade shows, networked in the industry, arranged for publicity and outreach, and promoted the VIDIVIXI brand. Plaintiff was aware of and consented to Grattan's work with VIDIVIXI as he was copied on hundreds of emails from Grattan using a vidivixi.com domain.   Indeed, in text messages to Grattan that Plaintiff submitted to this Court, Plaintiff refers to VIDIVIXI as "our little project."  [Dkt. 12-10].  When Grattan's efforts with VIDIVIXI began to bear fruit through inquiries from several potential clients, he proposed a partnership agreement with Plaintiff so that Plaintiff could get a return on his investment.

Plaintiff refused to negotiate with Grattan.  Instead, the very next day, Plaintiff formed VIDIVIXI, LLC, making himself the sole member.  Plaintiff then sent a

text message to Grattan to say that the partnership proposal "was dumb."  [Dkt. 12-10].

Instead of discussing the partnership proposal, Plaintiff seized a hard drive from

Grattan's workshop, combed through Grattan's personal files, and began sending legal

demand letters to Defendant Jean Lin ("Lin") and Grattan, under the newly-minted

persona of VIDIVIXI, LLC.  [Dkt. 12-10].  Plaintiff then sued Grattan under various

theories of trademark infringement.

Had Plaintiff simply spoken to Grattan, he would have learned that the

"Invoice" documents he found on Grattan's hard drive were simply proposals to potential

clients and not evidence of prior sales.  He would also have learned that Grattan desired

to share the profits of these sales via the very partnership agreement which Grattan had

proposed to Plaintiff than one week before Plaintiff's seizure of Grattan's hard drive.

Plaintiff has admitted that without consulting with Grattan, he filed an

intent to use trademark for VIDIVIXI, and the day after Grattan presented him with a

proposed partnership agreement, he formed VIDIVIXI, LLC and constituted himself as

the sole member.  Plaintiff obviously had actual notice that Grattan was already using the

VIDIVIXI mark through their collaboration.  Therefore, these legal filings do not

constitute evidence of Plaintiff's ownership of the VIDIVIXI mark.  Rather, they

evidence Plaintiff's commission of intentional tortious conduct.  Plaintiff's creation of

more entities to participate in this conduct merely turns a tort into a conspiracy.  It is well

settled that a party with unclean hands cannot seek equitable relief from the Court, and

the Court should not award injunctive relief on this basis.

In their initial Complaint, Plaintiffs asserted that Grattan was a mere

independent contractor of VIDIVIXI.  After a hearing held on September 21, 2015,

Plaintiffs filed an amended Complaint, changing their story.  Plaintiffs now put forth the view that Grattan and Plaintiff were in a partnership and that Grattan has somehow breached partnership duties.  Regardless of which story Plaintiffs present to the Court, Plaintiffs fail to meet the burden of proof on the factors justifying injunctive relief.  This Court should deny Plaintiffs' injunction request.

## ARGUMENT

### I.    PLAINTIFFS FAIL TO MEET THEIR BURDEN OF PROOF AND THIS COURT SHOULD DENY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (quotation marks and citations omitted). "[P]laintiff[s] seeking a preliminary injunction must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010) (adopting four-factor test of *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006)); *New York City Triathlon v. NYC Triathlon Club Inc.*, 704 F.Supp.2d 305, 328 (SDNY 2010) (adopting *Salinger/eBay* standard for injunction analysis in federal trademark actions).  Here, Plaintiffs fail to make "a clear showing" on these factors and relief should be denied.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Because Plaintiffs seek an injunction that alters the status quo, they must make an even more compelling showing of entitlement to injunctive relief.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011); see also *Sussman v. Crawford*, 488 F.3d 136, 140 (2d Cir. 2007).  Plaintiffs' submission of speculation or mere possibility of

irreparable harm here is insufficient to award injunctive relief.  *Winter*, 555 U.S. at 21-22.

## II.     AS A THRESHHOLD MATTER, THE COURT SHOULD DENY PLAINTIFFS' REQUEST UNDER FED. R. CIV. P. 8(a)

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading

seeking relief contain a "short and plain statement of the claim."  To comply with Rule

8(a), a pleading must present "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007).

Plaintiffs' Amended Complaint appears intentionally designed to frustrate

the purposes of these pleading standards, containing paragraph-long run on sentences,

and impenetrable nests of clauses within clauses.  [Dkt. 5].  For example, one of the

shorter sentences in Plaintiffs' Amended Complaint states:

> In particular, the Grattan Defendants (and Mark specifically) – once freelance designers and capable furniture fabricators who were frequently commissioned as independent contractors by Plaintiffs to assist Plaintiffs in their growing business VIDIVIXI, LLC – a single member limited liability company owned and operated entirely by its principal, founder, visionary and creator, Mr. Bradley, if and when Mr. Bradley was in need of another pair of skilled hands or help from individuals experienced in woodworking and furniture-making (such as Mark, who, like Tim, attended the Pratt Institute, where the two first met while enrolled as students, and forged a friendship during their term at Pratt that extended well beyond their graduation from the prestigious school in or around May 2007.

[Dkt. 5 at 2].  To the extent Plaintiffs' Amended Complaint states claims, these appear as

mere "labels and conclusions," without supporting facts.  Indeed, Plaintiffs' supporting

affidavit is written in a form of stream of consciousness that defies logical interpretation.

These pleadings simply do not "state a claim to relief that is plausible on its face," or

contain "a short and plain statement of the claim showing that the pleader is entitled to

relief."  *Bell Atl. Corp.*, 550 U.S. at 570.  Plaintiffs are represented by counsel and should

be held to the pleading requirements of the Federal Rules of Civil Procedure and the Supreme Court. By failing to meet these requirements, Plaintiffs have not stated claims that are likely to succeed on the merits and injunctive relief should be denied.

### III. PLAINTIFFS' REQUEST SHOULD BE DENIED BECAUSE PLAINTIFFS FAIL TO DEMONSTRATE A LIKELIHOOD OF SUCCESS

Plaintiffs fail to demonstrate a likelihood of success on the merits of its underlying claims, and this Court should deny injunctive relief.

#### A. Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits Concerning Their First, Second, Third, Fourth, and Fifth Claims Sounding in Trademark

Plaintiffs fail to demonstrate a likelihood of success on the merits of their claims sounding in trademark, namely, federal and common law infringement, reverse confusion, and federal and common law unfair competition.

As the Fifth Circuit has noted, "[t]he gravamen" for infringement or unfair competition actions is that "the challenged mark is likely to cause confusion." *Marathon Manufacturing Co. v. Enerlite Products Corp.*, 767 F.2d 214, 217 (5th Cir.1985)) (infringement and unfair competition require the "same facts"), *citing Boston Professional Hockey Ass'n v. Dallas Cap & Emblem Manufacturing*, 510 F.2d 1004, 1009-10 (5th Cir.1975), *cert. denied*, 423 U.S. 868 (1975); see also *Society of Financial Examiners v. National Ass'n of Certified Fraud Examiners, Inc.*, 41 F.3d 223, 225 (5th Cir.1995), *cert. denied*, 515 U.S. 1103. Here, the same facts show that Plaintiff is highly unlikely to succeed on its trademark claims.

The Lanham Act prohibits the use in commerce, without consent, of any "registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods," in a way that is likely to cause confusion. 15 U.S.C. § 1114(1)(a). The act

also prohibits the infringement of any unregistered, common law trademark. 15 U.S.C. § 1125(a)(1); *Time, Inc. v. Petersen Publishing Co.*, 173 F.3d 113, 117 (2d Cir. 1999); Here, plaintiff has the burden of proving: a) ownership of a valid mark that is entitled to protection under the Lanham Act; b) Defendant's use of the mark is likely to cause confusion within the consuming public.  Plaintiff can show neither here, and is unlikely to succeed on its Lanham Act claims.

As comprehensively demonstrated by the Grattan Declaration and other declarations submitted herewith, VIDIVIXI was always a collaboration between Plaintiff and Grattan.  Infringement and unfair competition under trademark law can exist only when litigants are actually in competition.  As VIDIVIXI was a collaboration between Plaintiff and Grattan, Plaintiff's trademark claims must fail.  Even if this Court were to credit Plaintiffs' logically untenable contention that a *collaboration* constituted unfair *competition*, it is clear that Plaintiffs consented to Grattan's use of the VIDIVIXI mark for approximately two years prior to filing this lawsuit.  Whether construed as consent, estoppel, or failure to police, Plaintiff simply cannot now preclude Grattan from the use of the VIDIVIXI mark.  *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 2003 U.S. App. LEXIS 614 (2nd Cir. Jan. 16, 2003) (failure to police may prevent first user from expanding into a related product market).

Moreover, Plaintiff has not shown that it has ownership of a valid mark entitled to protection.  Plaintiff filed an "intent to use" application under the name of a non-existent entity Francis Bradley, LLC, and now asserts that VIDIVIXI, LLC is the owner of the mark.  Intent to use applications are void unless be filed by the entity which intends to use the application.  *American Forests v. Sanders*, 54 USPQ2d 1860 (TTAB

1999), *aff'd*, 232 F.3d 907 (Fed. Cir. 2000) (intent-to-use application filed by an individual held void, where the entity that had a bona fide intention to use the mark in commerce on the application filing date was a partnership composed of the individual applicant and her husband). New York trademark registration law does not authorize intent to use applications, and this application cannot obtain protection under State law. (N.Y. Gen. Bus. Law § 360-b.).

Indeed, the mark to the extent it is subject to ownership was co-owned by Grattan and Plaintiff as collaborators of VIDIVIXI.   Therefore Plaintiffs cannot demonstrate ownership of a mark.  Bradley as an individual does not own the mark, and VIDIVIXI, LLC, a creation of hardly a month ago did not exist during the time that Grattan designed the VIDIVIXI logo, website, and all VIDIVIXI furniture.

Second, Plaintiffs fail to show a likelihood of confusion as to the origin of VIDIVIXI furniture.  All VIDIVIXI furniture to date has been designed by Mark Grattan, and indeed, Grattan is the individual who created and promoted the brand.  Therefore, it is accurate to attribute the brand and design to Grattan in his role as a VIDIVIXI collaborator and this accurate attribution cannot be confusing.

Plaintiffs' discussion of the *Polaroid* factors for analyzing likelihood of confusion entirely misses the point.  The Grattan Defendants have never claimed that Grattan did not use the VIDIVIXI mark.  Rather, they note that this use was pursuant to a collaboration between Plaintiff and Grattan in which they were both VIDIVIXI members.

Based on these facts, Plaintiffs fail to show a likelihood of success on the merits of their First through Fifth causes of action.

**B. Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits Concerning Their Sixth Claim for Deceptive Trade Practices**

Plaintiffs have also asserted claims under New York General Business Law § 349.   This statute is a consumer protection statute intended to "empower consumers; to even the playing field in their disputes with better funded and superiorly situated fraudulent business."   *Teller v. Bill Hayes, Ltd.*, 630 N.Y.S.2d 769, 744 (2d Dep't 1995).  It is directed at harm towards the consuming public at large.  *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25-26 (N.Y. 1995).  Accordingly, this claim requires Plaintiffs to show: (1) that an act or practice was consumer oriented; (2) that it was misleading in a material respect; and (3) that Plaintiffs were injured as a result of the deceptive act or practice.  Stutman v. Chemical Bank, 95 N.Y.2d 24, 29 (N.Y. 2000)

Here, Plaintiffs do not allege they purchased goods or services from Mark Grattan's business or that they are part of the class of consumers whom the statute is intended to protect.  Thus, Plaintiffs lack standing to bring claims under § 349.

Plaintiffs appear to be attempting to bootstrap general allegations of unlawful conduct into a claim under New York General Business Law § 349.  The New York Appeals recently rejected this invitation to expand the scope of § 349, ruling on questions certified to it by the United States Court of Appeals for the Second Circuit.  *Schlessinger v. Valspar Corp.*, 2013 WL 2338425, 2013 N.Y. Slip op. No. 03870

Accordingly, Plaintiffs fail to show a likelihood of success on the merits of their claim under New York General Business Law § 349.

**C. Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits Concerning Their Seventh Claims for Breach of Fiduciary Duty, Breach of Contract, and Breach of the Covenant of Good Faith and Fair Dealing, and their Eleventh and Twelfth Claims for Diversion of Partnership Opportunities and Devaluation of Partnership Assets and Final Accounting and Constructive Trust**

Plaintiffs are unlikely to succeed on their partnership, contractual claims and fiduciary claims for three basic reasons. *First*, no sales have occurred under the VIDIVIXI brand, and therefore there have been no "opportunities" to "divert." As explained in the accompanying Grattan Declaration, Mr. Grattan frequently sends out proposals with the header "Invoice," and the documents Plaintiffs took from Grattan's hard drive are not records of actual sales. *Second*, Grattan attempted to negotiate a partnership agreement with Plaintiff so that Plaintiff could be paid from the proceeds of potential VIDIVIXI sales. Plaintiff rejected Grattan's offer. *Third*, because Plaintiff rejected Grattan's offer there is no partnership contract at issue. A necessary element of a breach of contract claim is the existence of a contract. *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 181-82 (2011). Plaintiffs have prevented the parties from negotiating a contract and cannot therefore maintain a breach of contract claim.

Accordingly, Plaintiffs fail to demonstrate a likelihood of success on the merits of their Seventh, Eleventh, and Twelfth Claims.

**D. Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits Concerning Their Ninth and Tenth Claims for Commercial Defamation and Injurious Falsehood**

While unclear, it appears the basis of Plaintiffs' Ninth and Tenth claims is the allegation that Grattan improperly stated to third parties that Plaintiff "stole" Grattan's property. Yet, Plaintiff admitted in its initial complaint that Bradley did in fact

take a hard drive belonging to Grattan, turn it over to his attorney (over Grattan's objections), and search it for Grattan's personal information.  Some of that personal information appears in Exhibits to Plaintiff's Affidavit submitted.  Since the alleged statement is accurate, it cannot support a commercial defamation or injurious falsehood claim.  *Dillon v. City of New York*, 261 A.D.2d 34, 38 (First Dept. 1999) (commercial defamation requires, *inter alia*, a "false statement"); *N. State Autobahn, Inc. v. Progressive Ins. Group Co.*, 102 A.D.3d 5, 20 (2d Dep't 2012) (injurious falsehood requires a "false statement").

Plaintiffs other allegations that Grattan stated Plaintiff was a "psycho" cannot support a claim for defamation or injurious falsehood because expressions of opinion are not actionable as falsehood.  *Vitro S.A.B. de C.V. v Aurelius Capital Mgt.*, L.P., 99 A.D.3d 564, 565 (1st Dep't 2012) ("expression of opinion is constitutionally protected and cannot serve as the basis" for injurious falsehood claim).

Accordingly, Plaintiffs fail to demonstrate a likelihood of success on the merits concerning their defamation and falsehood claims.

### E. Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits Concerning its Thirteenth Cause of Action for Tortious Interference with Existing and Prospective Economic Relations

Plaintiffs allege tortious interference based on a contract with Defendant Jean Lin, LLC.  However, Grattan was a party to that contract, listed as a "Principal" of VIDIVIXI.  A party cannot tortuously interfere with its own contract, unless it is a multi-party contract where "the alleged tortfeasor has rights and duties that are separate from those of the breaching party."  *Fillmore East BS Fin. Subsidiary LLC v. Capmark Bank*, No. 13-1707-cv,2014 U.S. App. LEXIS 387, at *10-11 (2d Cir. Jan. 9, 2014).

Here, both Plaintiff Bradley and Defendant Grattan executed the contract as Principals of VIDIVIXI, and Plaintiff cannot maintain a tortious interference claim on these facts.

Accordingly, Plaintiffs fail to show a likelihood of success on the merits of their Thirteenth claim for tortious interference

### F.  Plaintiffs Fail to Demonstrate a Likelihood of Success on the Merits Concerning Their Fourteenth Claim for Misappropriation of Proprietary and Confidential Information

Plaintiffs have apparently cut-and-paste allegations from another pleading in their Fourteenth claim for misappropriation of proprietary and confidential information, since the pleading is apparently based upon an allegation regarding "the real estate marketplace."   [Dkt. 5 paragraph 105].   Regardless, Plaintiffs identify no confidential or proprietary information which the Grattan Defendants have allegedly misappropriated.

Accordingly, Plaintiffs fail to show a likelihood of success on the merits of their Fourteenth claim for misappropriation of Proprietary and Confidential Information.

### IV.   PLAINTIFFS' REQUEST SHOULD BE DENIED BECAUSE PLAINTIFFS FAIL TO DEMONSTRATE IRREPARABLE HARM

The Supreme Court has emphasized that a preliminary injunction should issue only upon a showing that irreparable harm is "likely in the absence of an injunction." *Winter*, 55 U.S. at 22; see also *Faiveley Transp. Malmo AB v. Wabtec Corp*., 559 F.3d 110, 118 (2d Cir. 2009).  In the Second Circuit a District Court "may issue the injunction only if the plaintiff has demonstrated that he is likely to suffer irreparable injury in the absence of an injunction."   *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir.

2010). Thus, the Court "must . . . pay[] particular attention to whether the remedies available at law, such as monetary damages, are inadequate to compensate for that injury."

Here, even if the Court were to credit Plaintiffs' speculative allegations of harm, these allegations merely establish money damages. Any damages from sale of VIDIVIXI furniture, or diversion of partnership opportunity can be remedied by a judgment awarding money damages. Therefore, such damages are not sufficient to establish irreparable harm here. Plaintiffs' speculations that Grattan could or has harmed the VIDIVIXI brand are not plausible in light of the facts that Grattan created the VIDIVIXI brand and is a collaborator under that brand. Accordingly, Plaintiffs fail to demonstrate irreparable harm absent injunctive relief and the Court should deny Plaintiffs' request.

## V.   PLAINTIFFS' REQUEST SHOULD BE DENIED BECAUSE PLAINTIFFS FAIL TO SHOW THE EQUITIES FAVOR INJUNCTIVE RELIEF

A court deciding a preliminary injunction motion "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief," *Winter*, 555 U.S. at 24, and "should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* Here, granting the injunction will effectively prevent Grattan from monetizing years of labor and furniture design work under the VIDIVIXI brand. In comparison, Plaintiffs will suffer little harm if an injunction is denied. For the last two years Grattan has promoted the VIDIVIXI brand with Plaintiffs' knowledge and consent. Therefore, Plaintiffs will not suffer by the maintenance of this status quo.

12

## VI.   PUBLIC POLICY FAVORS DENYING INJUNCTIVE RELIEF

This case presents an extraordinary situation in which Plaintiffs have attempted to assert legal control over VIDIVIXI's brand, goodwill, and assets through a trademark filing and LLC filing that was knowingly false or misleading.  There is simply no public policy that would support altering the status quo on the basis of misleading statements made by Plaintiffs to the Patent and Trademark Office and the State of New York.  On the other hand, there is a strong public policy in favor of protecting creative works, as evidenced by federal copyright and trademark laws protecting original works. Issuing the injunction here would effectively take from Grattan the benefit of his creative work and designs.

### CONCLUSION

For all of the foregoing reasons, this Court should deny Plaintiffs request for preliminary injunction and grant the Grattan Defendants such other and further relief as is just and proper.

Respectfully submitted,

Siddartha Rao, Esq.
RAO LAW GROUP
Attorneys for Defendant
85 Broad St. 18th Floor
New York, NY 10003
Phone: 212 548 4539

To:   Matthew Pek, Esq.
      Peksquire Group
      Attorneys for Plaintiffs
      387 Grand Street, Suite K203

13

New York, New York 10002