UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIDIVIXI, LLC *and* FRANCIS T.
BRADLEY

v.

MARK A. GRATTAN, JEAN LIN,
MARK GRATTAN DESIGN & BUILD
JEAN LIN, LLC *d/b/a* "GOOD COLONY"

Case No. 15-CV-7364 (JGK)

# MEMORANDUM OF LAW IN RESPONSE TO
# PLAINTIFFS' MOTION TO DISMISS UNDER RULE 41(A)(2)

Siddartha Rao, Esq.
RAO LAW GROUP
Attorneys for Defendant
54 W. 40th St. 4th Fl.
New York, New York 10018
Phone: 212 548 4539
Fax: 646 741 3257

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................ 1

**ARGUMENT** ........................................................................................................................ 7

    **DISMISSAL UNDER 41(a)(2) IS A PRIVILEGE, NOT A RIGHT,
AND SHOULD BE CONDITIONED TO PROTECT GRATTAN.** ......................... 7

        a.   As a Threshold Matter, Dismissal Must be With Prejudice ............................... 7

        b.   Dismissal Should be Conditioned on an Award of Costs .................................. 9

        c.   Dismissal Should not Preclude Defendants Seeking Relief ............................... 9

        d.   Dismissal Should be Conditioned on an Award of Fees ................................... 10

        e.   Dismissal Should be Conditioned on Waiver of any Objection to Post Dismissal Requests Based on an Allegedly Incomplete Record ............................. 11

**CONCLUSION** ................................................................................................................... 11

## PRELIMINARY STATEMENT

Francis Bradley and VIDIVIXI, LLC (together, "Plaintiffs" or "Bradley") apparently subscribe to the belief that "third time's the charm." Bradley has repeatedly sought to take possession of partnership property (high-end designed furniture) that this Court held he "had no authorization to appropriate." (January 11, 2016 Decision and Order [Dkt. 73] at p. 11 n. 4).[1] Bradley first failed to take this furniture for himself through pre-action demand letters. He then failed to take the furniture by this Action. For the third attempt, Bradley simply took the furniture, as Defendants' counsel very recently discovered. When Defendants notified Bradley's counsel Matthew Pek, Esq. of the issue, Mr. Pek insisted that Bradley is entitled to the furniture. Shortly thereafter, Bradley moved to dismiss this action under Federal Rule of Civil Procedure 41(a)(2).

Dismissal under the circumstances is plainly prejudicial to Defendants Mark Grattan and Mark Grattan Design & Build (together, "Grattan"). Even if the Court dismisses this Action with prejudice, Grattan will be forced into further legal proceedings or lose his rights in partnership property. Here, the Court already found VIDIVIXI is a *de facto* partnership of which Grattan is a partner. It already found Mark Grattan has ownership rights in the partnership property. It already found Bradley's trademark and partnership claims tenuous at best. By dismissing the action at this stage, Bradley apparently intends to ensure Grattan loses his rights despite prevailing on the legal issues.

Accordingly, Grattan respectfully requests that the Court dismiss

---

[1] Although referring to intellectual property of the partnership, this applies equally to the furniture, which the Court also found to be partnership property. [Dkt. 73 at p. 3].

[2] Mr. Pek earlier informed this Court he was "exceedingly optimistic" about settlement.

Bradley's claims *with prejudice* and only under conditions necessary to protect Grattan from the prejudice. Namely, Grattan respectfully requests: (i) an award of costs; (ii) a condition that Plaintiffs agree that the Court's findings of law and fact in this Action shall have res judicata and collateral estoppel effect as to Plaintiffs' claims and defenses in any future proceeding, but dismissal here shall not preclude Grattan from bringing claims to restore his rights in the furniture; (iii) an award of attorneys' fees under Rule 41 case law; and (iv) additionally or alternatively, that Plaintiffs waive any objection to a post-dismissal motion made by Defendants based on the need for further discovery or a more complete record, since Plaintiffs failed to respond for months to outstanding discovery requests or to propound any requests of their own.

## FACTUAL AND PROCEDURAL SUMMARY

The Court is by now familiar with the underlying procedural history and facts of this case. Defendants provide this brief summary to clarify a few points and to update the Court on the events that have transpired since the evidentiary hearing and the Court's denial of Plaintiffs' request for an injunction.

### Facts Relating to Failed Settlement

Grattan is mindful of the Court's suggestion that the parties either find a way to work together or to dissolve the partnership. Unfortunately, Bradley has foreclosed both options. Indeed, Mr. Pek tried to cancel the only settlement conference in this matter, by letter faxed to Hon. Magistrate Judge Fox on the eve of the conference. (See accompanying Declaration of Siddartha Rao, Esq. dated March 29, 2016 ("Rao Decl." Exhibit B). In that letter, Mr. Pek stated that Plaintiffs "do not (or no longer) see

any utility in going forward with tomorrow's conference as scheduled . . . ."[2] Although the conference ultimately went forward, it was forced to an early termination because Bradley refused to consider or make any offer except a demand that he own all jointly created VIDIVIXI property.[3] Plaintiffs now complain that they have found "no room to negotiate with Defendants in this matter toward a reasonable settlement . . . ." [Dkt. 79 p. 2]. In fact, Plaintiffs have actively prevented a settlement in this case.

### Facts Relating to Discovery

These facts relate to potential prejudice caused in a post-dismissal motion by Grattan's inability to obtain discovery or seek summary judgment in this action.

This Court authorized expedited discovery in advance of an evidentiary hearing held in this matter on December 1 and 2, 2015. Grattan's counsel promptly served document requests on Mr. Pek on November 24, 2015. (Rao Decl. Ex. C). Mr. Pek responded the following day stating "You can expect to receive Plaintiffs' First Round of Discovery Requests to Defendants . . . later this afternoon, certainly by or before end of day today." (Rao Decl. Ex. D). However, Mr. Pek neither served nor responded to discovery. On Sunday November 29, 2015, Mr. Pek emailed Grattan's counsel stating "Rest assured you'll have our production and responsive documents ASAP . . . I will be sure to get them to you by tonight . . . ." (Rao Decl. Ex. E). He also stated "Please also note – and forgive the short notice – but I will be sending you . . . Plaintiffs' own 1st round of doc reqs. as well . . . our discovery requests will look very

---

[2] Mr. Pek earlier informed this Court he was "exceedingly optimistic" about settlement.

[3] Mr. Pek later stated in Court that the parties had taken full advantage of Hon. Magistrate Judge Fox's settlement procedures.

much like those which you served 4-5 days ago . . . ." However, Mr. Pek neither served nor responded to discovery. On Monday, November 30, Mr. Pek emailed Grattan's counsel stating "I am just finalizing our production and requests to you/Defendants now." (Rao Decl. Ex. F). Shortly thereafter, Mr. Pek served a subpoena directed to Mark Grattan, but did not otherwise serve or respond to discovery. At around six p.m on November 30, the night before the hearing, Mr. Pek acknowledged that he still had not served responses to discovery, and stated he would be serving bates-stamped PDF copies "ASAP." (Rao Decl. Ex. F). However, Mr. Pek did not respond to discovery.[4]

Following the evidentiary hearing, concluding December 2, 2015 the parties conferred Mr. Pek stated he would be serving responses to discovery, as the requests remained outstanding. However, Mr. Pek did not serve any discovery responses or propound any discovery. On January 20, 2016, Grattan's counsel emailed Mr. Pek to remind him that discovery was closing in two days and that "we've had discovery request outstanding for the last two months." (Rao Decl. Ex. H). Counsel further requested that Mr. Pek "confirm that the record to date contains all the documents . . . responsive to the requests." (Rao Decl. Ex. H). Mr. Pek responded that he was "writing from [his] winter job up in Vermont . . . [and] ha[d] been forced to devote the majority of [his] time practicing law to another case." (Rao Decl. Ex. I). As a result, Mr. Pek requested additional time to respond to discovery. (Rao Decl. Ex. I). Grattan's counsel responded that day, explaining that he would be travelling out of the country and had arranged his travel to coincide with the end of discovery. (Rao Decl. Ex. J). Counsel further

---

[4] Grattan's counsel acknowledged receipt of the subpoena, and provided subpoenas and a complete set of hearing exhibits to Mr. Pek in advance of the hearing. (Rao Decl. Ex. G).

4

explained that he had intended to work on a summary judgment motion, but nonetheless acquiesced to the request. (Rao Decl. Ex. J).

Mr. Pek requested an extension [Dkt. 75] and obtained a new deadline of March 7, 2016 for the close of discovery, [Dkt. 76]. On March 1, 2016 Mr. Pek had still not served or responded to any discovery. Grattan's counsel emailed Mr. Pek, noting "[w]e've had discovery requests outstanding . . . for over three months now . . . [p]lease confirm whether you intend to produce documents . . . so that I can move forward in preparing a summary judgment motion." (Rao Decl. Ex. K). On the morning of March 7, 2016 the last day of discovery, Mr. Pek responded that he would be serving responses "along with plaintiffs discovery requests later this afternoon." (Rao Decl. Ex. L). In response, Grattan's counsel noted that it was the last day for discovery, and that they would not have sufficient time to "undertake any new collection or review of documents or prepare objections and responses." (Rao Decl. Ex. L).

Mr. Pek responded that in "that case [he would] be filing a letter motion to extend discovery a final 20 days." (Rao Decl. Ex. L). Grattan's counsel did not consent to this request, again stating "we would like to make a summary judgment motion," and further "delay would prejudice [Grattan]." (Rao Decl. Ex. L). Mr. Pek did not respond.[5]

**Facts Relating to the Furniture**

Early in this Action, the Parties agreed to move five pieces of furniture then being showcased in the Good Colony showroom to a storage facility, pending a hearing on Plaintiffs' request for an injunction. As part of that agreement, counsel

---

[5] Out of an abundance of caution, that evening Grattan's counsel served Mr. Pek, documents "bates stamped GRATTAN PROD 00001 to 00408." (Rao Decl. Ex. M).

5

reached an understanding in writing that "if the Court does not grant injunctive relief, Mark [Grattan]'s rights to the furniture should be restored and Tim [Bradley] should not get *de facto* injunctive relief in controlling the furniture . . . ." (Rao Decl. Ex. N). The Court denied Plaintiffs' request for injunction on January 11, 2016. [Dkt. 73].

Recently, Grattan's counsel discovered that the Bradley had removed the furniture at issue from storage, in violation of this agreement. Grattan's counsel immediately informed Mr. Pek and sent him a recent photo via email showing the furniture exhibited at an art fair in Tribeca. (Rao Decl. Ex. O). That email further stated: "Please explain what is going on, otherwise I will be forced to bring these issues before the Court." (Rao Decl. Ex. O). Mr. Pek responded that he was unaware of furniture being moved but saw "no problem with that," and that he would be "planning to move forward with [Bradley's] instructions to discontinue the action."[6] (Rao Decl. Ex. P).

### Facts Relating to Economic Circumstances of Plaintiff

Plaintiff's explanation for dismissal does not withstand logical scrutiny; no matter the Court's decision on Plaintiffs' injunction request, Plaintiffs would have to litigate this case through a trial or settlement in order to obtain relief. Plaintiffs do not provide any evidence or a single fact connecting denial of the injunction and the supposed increased economic burden of litigation. Moreover, shortly before making this Motion, Plaintiffs' counsel requested additional time to complete discovery, which is at best inconsistent with statements made in the Motion.

---

[6] Mr. Pek inexplicably claims that Grattan has "appropriated the website and server," has not explained what he intends or why this justifies Bradley's actions. Indeed, the VIDIVIXI website has always been registered in Grattan's name. (Rao Decl. Ex. P).

## ARGUMENT

### DISMISSAL UNDER 41(a)(2) IS A PRIVILEGE, NOT A RIGHT, AND SHOULD BE CONDITIONED TO PROTECT GRATTAN.

Rule 41(a)(2) purpose is the protection of a Defendant's rights where a Plaintiff dismisses claims. "Voluntary dismissal pursuant to Rule 41(a)(2) is not a matter of right. It may be granted only if defendants will not be unduly prejudiced, and then only on terms and conditions that protect defendants from any unfairness." *Ames v. Clifford*, 1996 U.S. Dist. LEXIS 14565, *2, 1996 WL 563098 (S.D.N.Y. Oct. 2, 1996). Here, even accepting a dismissal with prejudice, Grattan will be unduly prejudiced unless other conditions are enforced.

### a. As a Threshold Matter, Dismissal Must be With Prejudice

Here, Bradley has offered to dismiss his claims with or without prejudice. The Court should *only* grant dismissal if it is *with* prejudice. The five factors Courts in the Second Circuit consider in evaluating a Rule 41 motion to dismiss *without prejudice*, all militate against such a dismissal here. *See, Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). These factors are "(1) the plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *See Universal Marine Med. Supply, Inc. v. Lovecchio*, 1999 U.S. Dist. Lexis 9592 (E.D.N.Y. 1999) (applying *Zagano* factors).

Here, Bradley was not diligent in bringing his motion. Indeed, the parties

7

have had numerous Court conferences, a settlement conference, discovery motion practice, an evidentiary hearing, extension of discovery deadlines, and production of documents. Moreover, just days before Bradley filed this motion to dismiss his counsel was requesting yet additional time for discovery. Under the circumstances, Bradley cannot be found to have exercised diligence in bringing this motion.

Second, Plaintiff has conducted the litigation "vexatious[ly]." Plaintiffs failed to appear at a scheduled evidentiary hearing and subsequently attempted to cancel a settlement conference. Plaintiffs failed to meaningfully participate in discovery and Plaintiffs counsel was effectively unreachable for months while he relocated to Vermont. Under the circumstances, the second factor also militates against a dismissal without prejudice.

Third, the suit has substantially progressed, as the parties have already undertaken an evidentiary hearing, document requests, production, and Grattan's counsel was in the midst of preparing a summary judgment motion. Accordingly, the effort and expense sustained to prepare for trial has been significant and this factor favors a dismissal *with* prejudice.

Fourth, relitigation will present several duplicative costs. This Court has already found that Bradley's claims are at best tenuous, and has made several findings of fact on an evidentiary hearing in which both sides presented documentary and witness testimony. Duplicating the costs for a similar hearing would be needlessly wasteful.

Finally, as noted above, Plaintiffs explanation for dismissal is not coherent. Plaintiff does not suggest even one way in which this Court's denial of Plaintiffs' injunction request has affected or increased Plaintiffs' cost of litigation.

For these reasons, any dismissal of Plaintiffs' claims must be *with prejudice*.

### b. Dismissal Should be Conditioned on an Award of Costs

A dismissal with prejudice renders Grattan a prevailing party in this action. *Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67, 70 (N.D.N.Y. 2002); *Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, 1997 U.S. Dist. Lexis 14386, at *19 (S.D.N.Y. 1997). Prevailing parties are ordinarily entitled to costs. See Fed R. Civ. P. 54(d) (providing that, unless the court directs otherwise, the prevailing party shall be entitled to recover its costs). Here, the litigation has progressed through a full evidentiary hearing and nearly to summary judgment. Grattan has borne costs of reporter and transcript fees and other costs associated with the litigation. Grattan respectfully requests that any dismissal be conditioned on an award of costs and hereby provides notice that Grattan will be submitting a bill of costs to be taxed to the clerk.

### c. Dismissal Should not Preclude Defendants Seeking Relief

Typically, a dismissal with prejudice "constitutes a final judgment with the preclusive effect of res judicata not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit." *Hartz & Co. v. Italia, Inc.*, 1998 U.S. Dist. Lexis 7200, at *4 (S.D.N.Y. 1998) (*quoting Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Here, Bradley has already been given an opportunity to present evidence at a two-day evidentiary hearing concerning his claims. The Court should condition any dismissal with prejudice on an agreement by Bradley that such dismissal requires their acknowledgment of the res judicata and collateral estoppel effect of these proceedings, including this Court's January

9

11, 2016 Decision and Order on Bradley's request for an injunction. However, Grattan should not be penalized if forced to pursue further litigation concerning the furniture, by virtue of the fact that he raised no counterclaims relating to the furniture here. Indeed, Grattan only recently discovered Bradley's seizure of the furniture, and Bradley's motion to dismiss cuts off Grattan's ability to seek leave to file such counterclaims in this action. Therefore, any dismissal should not preclude Grattan seeking remedies although it should be preclusive as to Bradely's claims and defenses.

### d. Dismissal Should be Conditioned on an Award of Fees

Attorneys' fees are often awarded when a lawsuit is dismissed without prejudice under Rule 41(a)(2). *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985). "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Id.* (citing *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965)). While typically not awarded on a dismissal with prejudice, fees are not precluded, and in fact "such an award might be one of the appropriate 'terms or conditions' authorized by Rule 41(a) (2) . . . ." *Id.* at 134-35.

Here, Grattan faces an unusual situation in which despite dismissal with prejudice, he will almost certainly have to engage in future litigation (e.g. a replevin or other similar action) and incur further fees to enforce his property rights. Accordingly, although Plaintiffs propose to dismiss this case with prejudice, Grattan respectfully submits that his position is not dissimilar to that of a defendant facing a Rule 41 dismissal without prejudice. Grattan too faces risk of "duplicative expenses" and should be awarded fees. Accordingly, Grattan respectfully requests that any dismissal be

10

conditioned on an award of reasonable fees, and that Grattan be granted leave to file a fee application for determination of reasonable fees.

### e. Dismissal Should be Conditioned on Waiver of any Objection to Post Dismissal Requests Based on an Allegedly Incomplete Record

If the Court declines to condition this Rule 41 dismissal on an award of fees, Grattan intends to seek post-dismissal relief under the fee shifting provisions of the Lanham Act and related statutory fee shifting provisions allowing an award of fees to prevailing parties. Here, Plaintiffs failed to respond or participate in discovery. By dismissing at this juncture, Plaintiffs effectively prevent Grattan from making a summary judgment motion or otherwise further developing the record. Therefore, if Grattan makes a post-dismissal motion, Plaintiffs should be precluded from introducing responsive evidence they failed to produce in discovery, or from arguing that without a summary judgment motion or additional discovery the record is not complete enough to support post-dismissal relief, including a fee award. *See e.g., Penshurst Trading Inc. v. Zodax LP*, 2015 U.S. Dist. LEXIS 104029 (S.D.N.Y. 2015) (declining to award fees to prevailing trade dress party where parties had not completed summary judgment).

**CONCLUSION**

For all of the foregoing reasons, this Court should condition Bradley's dismissal with prejudice on: (i) an award of costs; (ii) the res judicata and collateral estoppel conditions described herein; (iii) an award of fees; and/or (iv) a condition that in a post dismissal application, Bradley waives any argument that further discovery is necessary or that fees are not supported absent a summary judgment decision or fuller record. The Court should additionally grant such other and further relief as it may deem just and proper.

Respectfully submitted,

*/s/ Siddartha Rao*

Siddartha Rao, Esq.
RAO LAW GROUP
Attorneys for Defendant
54 W. 40th St. 4th Fl.
New York, NY 10018
Phone: 212 548 4539

To:  Matthew Pek, Esq.
     Peksquire Group
     Attorneys for Plaintiffs
     387 Grand Street, Suite K203
     New York, New York 10002