UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| VIDIVIXI, LLC *and* FRANCIS T. BRADLEY |
| v. |
| MARK A. GRATTAN, JEAN LIN, MARK GRATTAN DESIGN & BUILD JEAN LIN, LLC *d/b/a* "GOOD COLONY" |

Case No. 15-CV-7364 (JGK)

### DECLARATION OF SIDDARTHA RAO IN RESPONSE TO PLAINTIFFS' MOTION UNDER RULE 41(A)(2) FOR VOLUNTARY DISMISSAL

SIDDARTHA RAO, declares under penalty of perjury that the foregoing is true and correct based on his review of relevant documents and personal knowledge:

1. I am the managing attorney of Rao Law Group, counsel to Defendants Mark Grattan and Mark Grattan Design & Build (together "Grattan"). I make this declaration in support of Grattan's response to Plaintiffs' motion to dismiss under Rule 41(a)(2) and request for dismissal with conditions.

**Facts Concerning the Parties' Failure to Settle**

2. Plaintiffs VIDIVIXI, LLC and Francis T. Bradley (together "Plaintiffs" or "Bradley") claim dismissal is warranted under Rule 41 in part because they have found "no room to negotiate with Defendants in this matter toward a reasonable settlement . . . ." [Dkt. 79 p. 2].

3. Plaintiffs' counsel Matthew Pek, Esq. had previously stated in Court that he was "exceedingly optimistic" about the prospect of settlement at a settlement conference scheduled for October 29, 2015 before Hon. Magistrate Judge Fox based on counsel's statements in Court concerning their settlement positions.

1

4.      However, on October 28, 2015, the day before the conference, Mr. Pek contacted me to state his view there was no utility in having a conference and the conference should be canceled because there had been no serious movement toward settlement.

5.      I pointed out that Grattan had made multiple recent offers.

6.      When Mr. Pek stated his intention to not appear at the conference, I informed him that this would not only likely destroy any possibility of settlement, but also likely lead to a sanctions motion.

7.      I felt a sanctions motion would have been appropriate due to Mr. Pek's similar conduct with respect to an evidentiary hearing scheduled before this Court on October 15, 2015.

8.      The day before that hearing, Mr. Pek contacted me to state his view that the hearing was premature in light of the October 29 settlement conference, since the outcome of that conference could moot the relief sought in the hearing.

9.      I suggested that Mr. Pek contact the Court if he wanted to reschedule the hearing, but that I could not consent due to the significant preparation I and my client Grattan already undertaken in anticipation of the hearing.

10.     Mr. Pek did not contact the Court and did not show up to the hearing.

11.     I later discovered an order from Judge Amon of the Eastern District of New York sanctioning Mr. Pek for repeated failure to attend a scheduled hearing in a different federal case. A true and accurate copy of this sanctions order is annexed hereto as **Exhibit A**.

12. In any event, on the evening of October 28, 2015, the day prior to the settlement conference, Mr. Pek faxed a letter to the Hon. Magistrate Judge Fox' chambers stating his view that the settlement conference lacked utility and should be canceled. A true and accurate copy of this letter is annexed hereto as **Exhibit B**.

13. Mr. Pek and his client Bradley nonetheless appeared at the settlement conference, in part, I believe to avoid a sanctions motion.

14. After counsel made statements to Hon. Magistrate Judge Fox, Bradley agreed to participate in the settlement conference.

15. However, Bradley refused to entertain any offer or make any counteroffer, except for his demand that he take possession of all partnership assets that were jointly developed by Grattan and Bradley.

16. Accordingly, Magistrate Judge Fox prematurely terminated the conference.

17. Mr. Pek later stated in Court that the parties had taken full advantage of Hon. Magistrate Judge Fox's settlement procedures.

18. Plaintiffs have neither before, then, nor since made any good faith attempts to settle the case and this is the primary reason the case cannot settle.

**Facts Relating to Discovery**

19. Plaintiffs also serially defaulted in their discovery obligations, preventing the Grattan Defendants from making a summary judgment motion.

20. Plaintiffs first indicated they would move to dismiss shortly after I refused consent to further extension of discovery deadlines and indicated we would be moving for summary judgment and seeking fees.

21.     A week prior to the evidentiary hearing held in this matter on December 1 and 2, 2015, the Court authorized expedited discovery in advance of the hearing.

22.     I emailed Mr. Pek on November 24, stating that in light of the timeline a deposition would likely not be possible and that instead I would serve document requests. I served document requests on Mr. Pek later that day, on November 24, 2015. True and accurate copies of this email correspondence are annexed hereto as **Exhibit C**.

23.     Mr. Pek responded the following day stating "You can expect to receive Plaintiffs' First Round of Discovery Requests to Defendants . . . later this afternoon, certainly by or before end of day today." A true and accurate copy of this email correspondence is annexed hereto as **Exhibit D**. However, Mr. Pek neither served nor responded to discovery.

24.     On Sunday November 29, 2015, Mr. Pek emailed me stating "Rest assured you'll have our production and responsive documents ASAP . . . I will be sure to get them to you by tonight . . . ." He also stated: "Please also note – and forgive the short notice – but I will be sending you . . . Plaintiffs' own 1st round of doc reqs. as well . . . our discovery requests will look very much like those which you served 4-5 days ago . . . ." However, Mr. Pek neither served nor responded to discovery. A true and accurate copy of this email correspondence is annexed hereto as **Exhibit E**.

25.     On Monday, November 30, Mr. Pek emailed me a series of discovery related emails. True and accurate copies of this email correspondence are annexed hereto as **Exhibit F**.

26. The first states: "I am just finalizing our production and requests to you/Defendants now."

27. The second email attached a trial subpoena directed to Mark Grattan, but did not otherwise serve or respond to discovery.

28. The third email attached the "balance of Plaintiffs' Subpoenas" and stated "Please note once again that you can expect to receive Plaintiffs' Production of Documents Responsive to Defendants' First Round of Document Requests, along with Plaintiffs' First Round of Document Requests to Defendants, later today, and in no event later than 1:00 p.m." However, Mr. Pek did not serve or respond to discovery.

29. At around six p.m on November 30, the night before the hearing, Mr. Pek acknowledged that he still had not served responses to discovery, and stated he would be serving bates-stamped PDF copies "ASAP." However, Mr. Pek did not respond to discovery.

30. I responded shortly thereafter, acknowledging receipt of the subpoena, and attaching subpoenas and a complete set of Grattan's hearing exhibits. A true and accurate copy of this email correspondence is annexed hereto as **Exhibit G**.

31. Following the evidentiary hearing, concluding December 2, 2015 I conferred briefly with Mr. Pek and stated that we intended to make a summary judgment motion at the close of discovery and would like to know whether he had additional responsive documents that he would be serving in response to our outstanding requests.

32. Mr. Pek stated that he would be serving responses to discovery, as the requests remained outstanding and the discovery period was ongoing. However, Mr. Pek thereafter did not serve any discovery responses or propound any discovery.

33. On January 20, 2016, I emailed Mr. Pek to remind him that discovery was closing in two days and that "we've had discovery request outstanding for the last two months." I further requested that Mr. Pek "confirm that the record to date contains all the documents . . . responsive to the requests." A true and accurate copy of this email correspondence is annexed hereto as **Exhibit H**.

34. I wanted confirmation of this so I could move forward with a summary judgment motion.

35. Mr. Pek responded that he was "writing from [his] winter job up in Vermont . . . [and] ha[d] been forced to devote the majority of [his] time practicing law to another case." As a result, Mr. Pek requested additional time to respond to discovery. He also noted that he would be available daily by phone between 6:30 and 7:30 am and between 4:30 and 6:30 pm. A true and accurate copy of this email correspondence with redactions for settlement privileged information is annexed hereto as **Exhibit I**.

36. I had already planned to be out of the country for family and religious reasons and had booked my tickets so that my departure would be the day after the completion of discovery in this case. My intention was to begin work on the summary judgment motion while out of the country. I explained the same to Mr. Pek by response, but also consented to his requested extension. A true and accurate copy of this email correspondence, with redactions for settlement privileged information, is annexed hereto as **Exhibit J**.

37. Mr. Pek requested an extension [Dkt. 75] and obtained a new deadline of March 7, 2016 for the close of discovery, [Dkt. 76].

38. On March 1, 2016 Mr. Pek had still not served or responded to any discovery. I emailed Mr. Pek, noting "[w]e've had discovery requests outstanding . . . for over three months now . . . [p]lease confirm whether you intend to produce documents . . . so that I can move forward in preparing a summary judgment motion." A true and accurate copy of this email correspondence is annexed hereto as **Exhibit K**.

39. On March 7, 2016 the last day of discovery, I exchanged several emails with Mr. Pek concerning discovery. True and accurate copies of this email correspondence are annexed hereto as **Exhibit L**.

40. First Mr. Pek emailed me on March 7, 2016 stating he would be serving responses "along with plaintiffs discovery requests later this afternoon."

41. I replied that we would produce documents but given that discovery was to close that day, we would not have sufficient time to "undertake any new collection or review of documents or prepare objections and responses." I also noted that given the short deadline "production . . . should not be construed in any way as an admission or representation of the thoroughness of our collection and review of documents . . . ."

42. Mr. Pek responded that in "that case [he would] be filing a letter motion to extend discovery a final 20 days," and asked whether I would consent to a further extension. He explained that because he had relocated to Vermont he had not had sufficient time to review the discovery issues with his client.

43. I did not consent because as I stated "we would like to make a summary judgment motion," and further "delay would prejudice [Grattan]." I received no response.

7

44. Out of an abundance of caution, I served documents that evening on Mr. Pek, consisting of documents "bates stamped GRATTAN PROD 00001 to 00408." A true and accurate copy of this email correspondence is annexed hereto as **Exhibit M**.

### Facts Relating to the Furniture

45. Early in this Action, the Parties agreed to move five pieces of furniture then being showcased in the Good Colony showroom to a storage facility, pending a hearing on Plaintiffs' request for an injunction.

46. As part of that agreement, I reached an understanding in writing with Mr. Pek "if the Court does not grant injunctive relief, Mark [Grattan]'s rights to the furniture should be restored and Tim [Bradley] should not get *de facto* injunctive relief in controlling the furniture." A true and accurate copy of Mr. Pek's email correspondence agreeing to this condition is annexed hereto as **Exhibit N**.

47. The Court denied Plaintiffs' request for injunction on January 11, 2016. [Dkt. 73].

48. Recently, my client Mark Grattan was informed that the VIDIVIXI furniture previously in storage had been seen exhibited at an art fair in Tribeca.

49. On March 9, 2016, I forwarded a photograph of the furniture at the art fair to Mr. Pek by email, with a request that he "[p]lease explain what is going on, otherwise I will be forced to bring these issues before the Court." A true and accurate copy of this email correspondence is annexed hereto as **Exhibit O**.

50. Mr. Pek responded that he was unaware of furniture being moved but saw "no problem with that," and that he would be "planning to move forward with

8

[Bradley's] instructions to discontinue the action." Mr. Pek also noted that he believed Bradley's seizure of the furniture is justified because Grattan has allegedly appropriated the VIDIVIXI website and server, a statement which he did not explain further and which I frankly do not understand. A true and accurate copy of this email correspondence is annexed hereto as **Exhibit P**.

### Facts Relating to Economic Circumstances of Plaintiff

51. Plaintiffs now claim that it is economically infeasible for them to continue this case, citing the Court's denial of Plaintiffs' injunction request as a cause of increased economic burden of litigation.

52. However, Plaintiff offers no reason why the injunction decision would have raised the cost of litigation or any evidence that the case has become in more expensive in anyway.

53. In fact, Mr. Pek told me several times that he is not charging his client an hourly rate, so the reason for this increased cost is unclear.

54. The timing of this discontinuance so soon after my discovery that the furniture at issue has been moved suggests an ulterior motive for dismissal, namely that Bradley has appropriated the furniture for himself no longer needs the litigation to obtain *de facto* sole ownership of partnership property.

55. I believe Plaintiffs will force Grattan into further litigation or legal process to enforce his property rights in the furniture as a VIDIVIXI partner. Similar to a defendant against whom claims are dismissed without prejudice, Grattan faces a near certain risk of future litigation, despite prevailing in this action.

Dated: New York, New York

March 29, 2016

            ____/s/ Siddartha Rao_____
              Siddartha Rao