UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

VIDIVIXI, LLC ET AL.,

                    Plaintiffs,          15-cv-7364 (JGK)

        - against -                      MEMORANDUM OPINION AND
                                         ORDER
MARK ANTHONY GRATTAN ET AL.,

                    Defendants.
————————————————————————————

JOHN G. KOELTL, District Judge:

     The plaintiffs move to dismiss the action pursuant to

Federal Rule of Civil Procedure 41(a)(2), which states in

relevant part that "an action may be dismissed at the

plaintiff's request only by court order, on terms that the court

considers proper."

     While the plaintiffs had originally sought to dismiss the

action without prejudice, the plaintiffs now agree that the

action should be dismissed with prejudice, as the defendants

advocate.

     Where, as here, the plaintiffs voluntarily dismiss the

action with prejudice, the defendants are deemed the "prevailing

parties."  See Beer v. John Hancock Life Ins. Co., 211 F.R.D.

67, 70 (N.D.N.Y. 2002); see also Ritchie v. Gano, 754 F. Supp.

2d 605, 608 (S.D.N.Y. 2010).  Because the action is dismissed

with prejudice, it follows that taxable costs should be borne by

the plaintiffs as the non-prevailing parties.   <u>See</u> Fed. R. Civ. P. 54(d)(1).

The defendants also seek an award of attorneys' fees, but there is no readily ascertainable basis for such an award at this time.  The defendants point to alleged discovery abuse but the defendants never sought such relief during the course of the litigation.  The defendants also contend that the plaintiffs have engaged in self-help by taking possession of certain furniture in dispute in the action, but the defendants never brought any counterclaims to establish their rights to the furniture.  In any event, if there is any basis for an award of attorneys' fees, the defendants can make an appropriate motion for such fees under Rule 54 (d)(2) explaining the amount and basis for such fees.

Finally, the defendants seek an order from the Court to explain the import of the dismissal with prejudice.  That request is denied.  The dismissal is what it is---a dismissal of this action with prejudice.  The effect of that dismissal will have the effect of a dismissal with prejudice of the claims in the complaint.  If there is any dispute as to the meaning, it will have to await further litigation.  The Court does not provide advisory opinions.

Therefore, the plaintiffs' motion to dismiss this action is granted.  The action is dismissed with prejudice with costs to

be assessed against the plaintiffs.  The defendants should submit an appropriate bill of costs pursuant to Rule 54(d)(1). Any further relief is denied without prejudice to the defendants' ability to file a proper motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2)(B).

**SO ORDERED.**

**Dated:    New York, New York**
           **April 16, 2016**          _____/s/_____
                                              **John G. Koeltl**
                                       **United States District Judge**