UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

VIDIVIXI, LLC ET AL.,

                    Plaintiffs,            15-cv-7364 (JGK)

        - against -                        MEMORANDUM OPINION AND
                                           ORDER
MARK ANTHONY GRATTAN ET AL.,

                    Defendants.
─────────────────────────────────

JOHN G. KOELTL, District Judge:

    Before the court is the defendants' motion for attorneys'
fees of $39,560.90 and costs of $1,583.01. The defendants seek
fees and costs under three theories. First, under the Lanham
Act, 15 U.S.C. § 1117(a)(3). Second, under the Court's inherent
authority pursuant to 28 U.S.C. § 1927. And, third, pursuant to
Federal Rule of Civil Procedure 41.

    The plaintiffs consent to pay the defendants costs of
**$1,583.01.**

    For the reasons that follow, the court **grants in part** the
defendants' motion for attorneys' fees pursuant to the Lanham
Act and **denies in full** the requests for attorneys' fees pursuant
to § 1927 and Rule 41. Because about half of the substantive
issues in the case were not brought pursuant to the Lanham Act,
the Court will award 50% of the requested attorneys' fees.
Accordingly the Court awards attorneys' fees to the defendants

of **$19,780.45**, for a total award of **$21,363.46** in attorneys'
fees and costs.

## I.

The underlying facts of much of this case were recounted in
the Court's earlier preliminary injunction ruling. See VIDIVIXI,
LLC v. Grattan, 155 F. Supp. 3d 476, 2016 WL 106241, at *1-3
(S.D.N.Y. 2016) ("VIDIVIXI I").

In 2013, the plaintiff Francis Bradley and the defendant
Mark Grattan formed a de facto partnership to design,
manufacture, and sell high-end furniture under the name
VIDIVIXI. In March 27, 2015, long after the de facto partnership
began, Bradley applied to register the VIDIVIXI trademark on
behalf of a "Francis T. Bradley Limited Liability Company,"
which is a company that does not actually exist. The
relationship between Bradley and Grattan began to sour in the
summer of 2015. Grattan sent Bradley a partnership proposal on
August 25, 2015 to formalize their relationship. Bradley did not
sign the proposed partnership agreement. The next day, on August
26, 2015, Bradley organized VIDIVIXI as a Domestic Limited
Liability Company under New York law.

On August 31, 2015, after a verbal confrontation with
Grattan at the woodshop space VIDIVIXI rented, Bradley removed
from the space his tools, a laptop he had loaned to Grattan to
use, and an external hard drive. On the laptop, Bradley found

what he believed were invoices for sales of VIDIVIXI furniture, which Bradley believed showed that Grattan had sold VIDIVIXI pieces without Bradley's knowledge and kept the proceeds for himself. See id. at *1-2.

About two weeks after the confrontation at the woodshop, Bradley filed the underlying lawsuit. In his original Complaint, Bradley alleged numerous causes of action, which he supplemented in an Amended Complaint. Among other claims in the Amended Complaint, Bradley alleged: 1. Federal trademark infringement and reverse confusion pursuant to 15 U.S.C. §§ 1114, 1125(a); 2. Federal unfair competition pursuant to 15 U.S.C. § 1125(a); 3. Common law trademark infringement; 4. Common law unfair competition; 5. Federal false designation of origin pursuant to 15 U.S.C. §§ 1114, 1125(a); and, 6. Deceptive business practices under state law pursuant to New York General Business Law § 349.

In response to a temporary restraining order that the Court entered on September 21, 2015, five pieces of furniture of contested ownership were removed from a showroom to a storage facility for safekeeping during the pendency of the suit. See VIDIVIXI I, 2016 WL 106241, at *3 n.3.

Bradley sought a preliminary injunction under Federal Rule of Civil Procedure 65.

The Court scheduled an evidentiary hearing on the plaintiffs' motion for a preliminary injunction for October 15,

2015. Neither the plaintiffs' counsel (then Matthew A. Pek) nor Bradley appeared for the hearing. Pek explained later that he had fallen very ill and was unable to communicate by phone or email the day of the scheduled hearing to apprise the Court or the defendants of his illness.

The Court held the evidentiary hearing on the preliminary injunction on December 1 and 2, 2015. On January 11, 2016, the Court denied Bradley's motion for a preliminary injunction. See VIDIVIXI I, 2016 WL 106241, at *5. The Court held that the parties had formed a de facto partnership---as both parties admitted at the hearing---that the VIDIVIXI Mark, the designs for the furniture, and the furniture itself, including the 5 pieces in storage, were assets of the de facto partnership, and that Bradley had failed to show that Grattan had acted to breach that de facto partnership.  Id. at 4-5.

On January 22, 2016, the plaintiffs sought for and received an extension of time to complete discovery until March 7, 2016.

Grattan's counsel represented that, in or around early March 2016, Bradley took possession of the furniture that had been in storage. Moreover, Grattan's counsel submitted evidence that Bradley had exhibited the furniture at an art fair without Grattan's permission. See ECF Docket No. 83-15.

On March 9, 2016, Grattan's counsel provided Pek with evidence that the furniture had been removed from storage and

exhibited at the art fair. The same day, the plaintiffs moved pursuant to Rule 41(a)(1)(A)(i) to voluntarily dismiss the action. In the papers responding to the Rule 41 motion, Grattan sought an award of attorneys' fees but did not provide a readily ascertainable basis for such an award. The Court granted the plaintiffs' motion to dismiss with prejudice with costs to be assessed against the plaintiffs. The Court also denied the defendants' application for attorneys' fees without prejudice to the defendants' ability to file a proper motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2)(B).

The Judgment was entered on April 18, 2016. See ECF Docket No. 91. The defendants' counsel signed a motion for attorneys' fees dated May 2, 2016 but docketed it on ECF on May 3, 2016. On May 4, 2016, the plaintiffs' counsel, Pek, moved to withdraw as plaintiffs' counsel because he was in the process of resigning from the New York Bar. The Court granted Pek's motion to withdraw and stayed the case for 30 days to allow the plaintiffs to secure substitute counsel and to respond to the defendants' motion for attorneys' fees. The plaintiffs hired new counsel and filed a timely response.

## II.

In their opposition papers, the plaintiffs argue that the defendants' motion for fees is untimely. A motion for attorneys' fees made pursuant to Rule 54(d)(2)(B)(i) must "be filed no

later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). It is uncontested that the judgment dismissing the claims was entered on April 18, 2016. A timely motion for fees would have been filed on May 2, 2016. The defendants' counsel signed the motion for fees on May 2, 2016 but docketed it on ECF on May 3, 2016---one day late.

The defendants did not address in their papers the untimeliness of the motion, although at a hearing before the Court the defendants stated that their papers were late because of a technical problem creating the attachments relating to the expended attorneys' fees. Courts in this district and elsewhere in New York have consistently held motions untimely under Rule 54 where the tardy party failed to show good cause for the delay. See, e.g., Cardona v. City of N.Y., No. 04-cv-955 (GEL), 2007 WL 690126, at *3 (S.D.N.Y. Mar. 7, 2007) (holding the equities weighed "against a finding of excusable neglect because plaintiff ha[d] provided no legitimate reason for the delay [of about ten weeks] whatsoever."). "[T]here is a clear line of authority in this Circuit that the failure to follow clear rules does not constitute excusable neglect." Morisseau v. DLA Piper, 255 F.R.D. 127, 129 (S.D.N.Y. 2008) (denying application to review taxation of costs as untimely given a delay of eight to nine months).

Nevertheless, it is difficult for the Court to see how the plaintiffs were prejudiced by the defendants' delay of only a few hours, especially where, as here, the plaintiffs were on notice that the defendants intended to file a motion for attorneys' fees under Rule 54 because the defendants had already tried to move for attorneys' fees in their opposition to the plaintiff's voluntary motion to dismiss.  See, e.g., Blissett v. Casey, 969 F. Supp. 118, 124 (N.D.N.Y. 1997) (holding attorney's miscalculation and late filing of attorney's fee motion by several days was result of carelessness but constituted excusable neglect considering that the delay "was slight and that there was no prejudice to defendants."), aff'd, 147 F.3d 218 (2d Cir. 1998).

Given the plaintiffs own tardiness---including missing the October 2015 evidentiary hearing and seeking a last-minute extension in discovery---it is ironic that the plaintiffs argue the attorneys' fee motion should be dismissed for want of a few hours.

The defendants' motion is deemed timely. See Howell v. NYC Leadership Academy, Inc., No. 05-cv-8233(JGK), 2008 WL 5336891, at *3 (S.D.N.Y. Dec. 20, 2008) (concluding that court will exercise its discretion and decide fully briefed motion for costs, notwithstanding the moving party's noncompliance with procedural requirements of Local Civil Rule 54.1).

### III.

The Lanham Act authorizes a Court to award fees "to the prevailing party" "in exceptional cases." 15 U.S.C. § 1117(a)(3). Grattan is a "prevailing party" because the plaintiffs' claims were dismissed with prejudice. See Beer v. John Hancock Life Insurance Co., 211 F.R.D. 67, 70 (N.D.N.Y. 2002).

Courts in the this Circuit have long found cases "exceptional" where there was evidence of "fraud or bad faith," Patsy's Brand, Inc. v. I.O.B. Realty, Inc., 317 F.3d 209, 222 (2d Cir. 2003), "a substantial overtone" that the case "was initiated as a competitive ploy," Mennen Co. v. Gillette Co., 565 F. Supp. 648, 657 (S.D.N.Y. 1983), where a party's assertions were "patently baseless," Diamond Supply Co. v. Prudential Paper Products Co., 589 F. Supp. 470, 476 (S.D.N.Y. 1984) or where "there [was] no possible way" the plaintiff "reasonably could have expected to succeed on a Lanham Act claim." IMAF, S.p.A. v. J.C. Penney Co., 810 F. Supp. 96, 100 (S.D.N.Y. 1992).

Recently, the Supreme Court clarified the standard for determining when a case is exceptional when interpreting identical statutory language in the Patent Act. See Octane Fitness, LLC v  ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756-57 (2014).

As Judge Rakoff wrote when interpreting Octane, Octane "provides the governing standard" on a motion for fees pursuant to the Lanham Act. See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 2016 U.S. Dist. LEXIS 46513, at *2 (S.D.N.Y. Mar. 24, 2016).

In Octane, the Supreme Court held that an "exceptional" case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane, 134 S. Ct. at 1756. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." Id. at 1757. District courts make such determinations "in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id. at 1756. Relevant factors include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 1756 n.6 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

Judge Buchwald recently observed that "although Octane reduced the showing required for an award on the ground of

9

objective baselessness, courts continue to hold claims of baselessness to a high bar. . . . [W]here a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." Small v. Implant Direct Mfg. LLC, No. 06-cv-683 (NRB), 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014), aff'd, 609 F. App'x 650 (Fed. Cir. 2015).

Under the Octane standard, considering the totality of circumstances, this case is "exceptional" and warrants the award of attorneys' fees.

In this case, Bradley and Grattan were business partners. Bradley admitted as much at the evidentiary hearing. But Bradley tried to register the VIDIVIXI mark---a partnership asset---in the name of a company that did not exist. And when Grattan proposed that he and Bradley formalize their partnership, Bradley spurned that proposal and unilaterally organized VIDIVIXI as a LLC in a transparent attempt to appropriate the partnership's property for himself.

The two former friends had an unfortunate falling out and a heated argument at their workshop, which led to this litigation. During that litigation, the plaintiffs pursued baseless claims such as trademark remedies on a void trademark filing and a claim that the VIDIVIXI LLC owned the furniture developed by the partnership. Finally, when attempts to litigate the matter to a

conclusion preferable to the plaintiffs failed, Bradley simply took the 5 pieces of furniture that the Court had determined were partnership property. When the defendants notified the plaintiffs' counsel of this bald action of self-help, the plaintiff dismissed the suit voluntarily.

In short, the plaintiffs' Lanham Act claims were objectively unreasonable, motivated by a competitive ploy to seize partnership property, and led to self-help actions that are the kind of tactics the courts should deter. See, e.g., Cognex Corp. v. Microscan Sys., Inc., 13-CV-2027 (JSR), 2014 WL 2989975, at *4 (S.D.N.Y. June 30, 2014) (awarding attorneys' fees under Octane where the defendants "engaged in unreasonable litigation tactics"); Small, 2014 WL 5463621, at *4 ("[M]ost cases awarding fees continue to involve substantial litigation misconduct."); Sprint Communications Co. L.P. v. Chong, No. 13-cv-3846 (RA), 2014 WL 6611484, at *5 (S.D.N.Y. Nov. 21, 2014) (awarding attorneys' fees in Lanham Act case where party, among other factors, "frustrated the litigation process by failing to participate, [ ] obstructed the plaintiffs and caused unnecessary delay . . ."). Attorneys' fees are appropriate in this case.

**IV.**

To determine fee awards, courts in this district consider the hours expended multiplied by a reasonably hourly rate. See

11

Sprint Communications, 2014 WL 6611484, at *6. "In determining the reasonable fee for a particular case, courts rely on reasonable hourly rates prevailing in the district for similar services provided by attorneys with comparable skill and experience." Sprint Communications, 2014 WL 6611484, at *6. The defendants seek recovery on a discounted rate of $300/hour for the lead counsel, $200/hour for another counsel, $100/hour for a junior associate, and $75/hour for a paralegal.  These rates are reasonable and are in line with or below the rates for comparable attorneys and support staff in this district. See id. at *6-8.

"The party seeking attorneys' fees must establish the hours reasonably expended on the case and must submit adequate contemporaneously prepared time records." Id. at 8. The defendants have submitted contemporaneous records, and the hours expended were reasonable.

However, only about half of the substantive issues in the case were related to the Lanham Act. The attorneys' fees awarded pursuant to the Lanham Act should reflect only the Lanham Act claims.  Accordingly, the Court awards 50% of the requested attorneys' fees, or $19,780.45. See, e.g., Yurman Design, Inc. v. PAJ, Inc., 29 F. App'x 46, 48-49 (2d Cir. 2002) (per curiam) (summary order); Beastie Boys v. Monster Energy Co., 112 F. Supp. 3d 31, 58 (S.D.N.Y. 2015).

**V.**

The defendants also argue that the Court should grant fees under its inherent authority. Title 28 of the U.S.C. § 1927 provides that an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

"The Supreme Court has cautioned that because of the 'very potency' of a court's inherent power, it should be exercised 'with restraint and discretion.'"  United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991) (internal citation omitted). "Section 1927 'is not a catch-all provision designed to penalize attorneys for making bad arguments.'" Sorenson v. Wolfson, No. 10-CV-4596 (JGK), 2016 WL 1089386, at *9 (S.D.N.Y. Mar. 21, 2016) (internal citation omitted).

The Court has discretion to decide whether to impose sanctions under § 1927 and its inherent authority, and it chooses to exercise its discretion not to impose sanctions under either power.  See, e.g., Sorenson, 2016 WL 1089386, at *9.

Finally, the defendants move for sanctions pursuant to Rule 41. "Fee awards are often made when a plaintiff dismisses a suit *without* prejudice under Rule 41(a)(2). The purpose of such awards is generally to reimburse the defendant for the

litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985) (internal citations omitted).

However, that is not an issue where, as here, the lawsuit was dismissed *with* prejudice. As the Court of Appeals noted: "[w]hen a lawsuit is voluntarily dismissed with prejudice under Fed. R. Civ. P. 41(a)(2), attorney's fees have almost *never* been awarded." Id. at 133-34.

Accordingly, the defendants' motions for attorneys' fees pursuant to Section 1927 and Rule 41 are denied.

**CONCLUSION**

For the foregoing, the Court awards the defendants costs of **$1,583.01.**

The Court awards attorneys' fees pursuant to the Lanham Act to the defendants in the amount of **$19,780.45,** for a total award of **$21,363.46** in attorneys' fees and costs.

The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:    New York, New York
           August 13, 2016**              _____/s/_____
                                                **John G. Koeltl
                                          United States District Judge**